UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **REGGIE PATRICK THIBODEAUX** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-796** |
| **JERRY LARPENTER – SHERIFF OF TERREBONNE PARISH, ET AL.** | **SECTION: "B"(3)** |

**REPORT AND RECOMMENDATION**

Plaintiff, Reggie Patrick Thibodeaux, a state pretrial detainee, filed this *pro se* federal civil rights action pursuant to 42 U.S.C. §1983. In this lawsuit, he sued Terrebonne Parish Sheriff Jerry Larpenter and the J and J Wrecker Service, claiming that his vehicle was unlawfully impounded.

To better understand the factual bases of plaintiff's claims, the Court held a Spears hearing on March 10, 2017. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed. R. Civ. P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

Based on plaintiff's complaint and Spears hearing testimony, the Court finds that he is making the following allegations in this lawsuit:

On November 3, 2016, plaintiff parked his truck "partially on the road."[1]  A deputy pulled up and, claiming to see a "bulge [plaintiff] was trying to conceal in his right pocket," performed a search.  Drugs and drug paraphernalia were allegedly found, and plaintiff was arrested.  The deputy contacted the J and J Wrecker Service in Houma, Louisiana, to tow and impound plaintiff's vehicle.  Plaintiff found that action to be suspicious since this incident occurred in Chauvin, Louisiana, and there were local wrecker services which could have been contacted instead.

At the Spears hearing, plaintiff complained that the wrecker service has denied his wife access to the vehicle.  Also at that hearing, plaintiff stated that he was still awaiting trial on his criminal charges, and his vehicle remained impounded.  He had not been notified that his vehicle was being forfeited, and he was unaware of any proceedings in the state courts concerning the vehicle.

During the Spears hearing, Sheriff Larpenter's counsel checked on the status of plaintiff's vehicle and advised the Court that no forfeiture proceedings had been instituted at that time.  Counsel further advised the Court that, due to past litigation, the Terrebonne Parish Sheriff's Office uses a rotational "call list" for wrecker services in order to avoid charges of favoritism.

Plaintiff wants his vehicle returned or to be compensated for its loss.

## I.  Screening Standards

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks

---

[1] Rec. Doc. 1, p. 6.

redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[2] Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490

---

[2] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

For the following reasons, even if plaintiff's § 1983 complaint is broadly construed,[3] the undersigned recommends that it be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

## II. Plaintiff's Claims

Claiming that his vehicle was unlawfully impounded, plaintiff has sued Terrebonne Parish Sheriff Jerry Larpenter and the J and J Wrecker Service. However, plaintiff has failed to state a proper, nonfrivolous claim against either of those two defendants.

---

[3] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

### A.  Sheriff Larpenter

Plaintiff does not indicate whether he is suing Sheriff Larpenter in his official capacity, his individual capacity, or both.  Nevertheless, the Court finds that plaintiff's allegations are insufficient to state a claim against Larpenter in either capacity.

If Larpenter is being sued in his official capacity, it is clear that "[o]fficial capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent."  Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999).  Accordingly, any official-capacity claim against Larpenter would in reality be a claim against the local governmental body itself.  Maize v. Correct Health Jefferson, L.L.C., Civ. Action No. 13-5925, 2013 WL 6490549, at *2 (E.D. La. Dec. 10, 2013); see also  Picard v. Gusman, Civ. Action No. 12-1966, 2012 WL 6504772, at *4 (E.D. La. Nov. 26, 2012), adopted, 2012 WL 6504528 (E.D. La. Dec. 13, 2012); Alexander v. City of Gretna, Civ. Action No. 06-5405, 2010 WL 3791714, at *3 (E.D. La. Sept. 17, 2010); Weatherspoon v. Normand, Civ. Action No. 10-060, 2010 WL 724171, at *2-3 (E.D. La. Feb. 22, 2010).  However, the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, *a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted*.  To satisfy the cause in fact requirement*, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom.*  The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted; emphasis added).  Further, "[a] plaintiff may not infer a

5

policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3. In the instant case, plaintiff does not allege that his constitutional rights were violated as a result of a policy or custom, much less identify such a policy or custom. Accordingly, he has failed to state a proper official-capacity claim against Larpenter.

On the other hand, if Larpenter is being sued in his individual capacity, "[p]laintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Moreover, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). In the instant case, there is no allegation that Larpenter was in any way *personally involved* in the actions which led to the impoundment of plaintiff's vehicle or in the refusal of the J and J Wrecker Service to release the vehicle. Further, although Larpenter is the head of the Sheriff's Office, that fact is not alone a sufficient basis to hold him liable under § 1983. It is well established that a supervisory official may not be held liable pursuant to § 1983 under any theory of vicarious liability for federal civil rights violations allegedly committed by his subordinates. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of

subordinates on any theory of vicarious liability."); see also Oliver, 276 F.3d at 742 ("Section 1983 does not create supervisory or *respondeat superior* liability."). Accordingly, plaintiff has likewise failed to state a proper individual-capacity claim against Larpenter.

## B.  The J and J Wrecker Service

Plaintiff has also sued the J and J Wrecker Service. However, because plaintiff brought this lawsuit pursuant to 42 U.S.C. § 1983, his federal claim against the wrecker service is viable only if the wrecker service was acting under color of state law.[4]

A private company, such a wrecker service, normally is not considered to act under color of state law. See, e.g., Scott v. Archey, 99 Fed. App'x 62, 63 (7th Cir. 2004) ("a towing company is not a state actor"); see also Coleman v. Alamo Self Storage, No. 3:13-CV-4909, 2014 WL 4817330, at *3 (N.D. Tex. Sept. 29, 2014) ("Section 1983 affords redress only for conduct committed by a person or entity acting under color of state law – it does not ordinarily involve conduct of a private citizen or corporation."). Moreover, although the J and J Wrecker Service derives a benefit from its interactions with a state actor, i.e. additional business as a result of being included on the rotational list of wrecker services used by the Sheriff's Office, that benefit is not alone sufficient to transform the company into a state actor. See id. ("A government's conferral of benefits on an entity is insufficient to convert the entity into a state actor."); cf. Flagg Bros., Inc.

---

[4] In pertinent part, § 1983 provides:

> Every person who*, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia*, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

42 U.S.C. § 1983 (emphasis added).

v. Brooks, 436 U.S. 149 (1978) (warehouseman's sale of family's goods entrusted to him for storage by city official after family was evicted did not constitute state action).

Of course, an exception to this general rule applies when a private company has conspired with a state actor to deprive a plaintiff of his constitutional rights. See, e.g., Chaney v. Races and Aces, 590 Fed. App'x 327, 329 (5th Cir. 2014). However, it is clear that a "bare allegation of conspiracy is insufficient to state a Section 1983 claim." Id. at 329-30; accord Priester v. Lowndes County, 354 F.3d 414, 423 n.9 (5th Cir. 2004) ("The allegation of a conspiracy between private and state actors requires more than conclusory statements."); Lynch v. Cannatella, 810 F.2d 1363, 1369-70 (5th Cir. 1987) ("Plaintiffs who assert conspiracy claims under civil rights statutes must plead the operative facts upon which their claim is based. Bald allegations that a conspiracy existed are insufficient."). Here, plaintiff's allegations of conspiracy are wholly conclusory, and nothing in the sequence of events is, in and of itself, inherently indicative of a conspiracy.[5] See Wingo v. City of West Monroe, Civ. Action No. 3:11-02027, 2012 WL 1135682, at *2 (W.D. La. Apr. 3, 2012) ("The facts asserted by [plaintiff] simply do not suggest, much less show, the defendants conspired and agreed to seize [plaintiff's] car and deprive him of a constitutional rights [sic] under color of law. Instead, the facts show a sequence of events wherein an officer … became involved in the towing of a car. Even if wrongful, such conduct does not rise to the level of a conspiracy.").

---

[5] The Court notes that plaintiff's conspiracy theory is based in part on his belief that it was suspicious for the deputy to call the J and J Wrecker Service, which is located in Houma, rather than a local wrecker service in Chauvin, where the incident occurred. That belief is based on his contention that Houma is "some 80 miles" from Chauvin. Rec. Doc. 1, p. 6. However, that contention is factually inaccurate – Houma is actually less than twenty miles from Chauvin. Moreover, both Houma and Chauvin are in Terrebonne Parish, and there is nothing inherently suspicious about the Terrebonne Parish Sheriff's Office including a wrecker service located in Terrebonne Parish on its rotational list of wrecker services to be utilized by deputies.

Lastly, although it is possible that plaintiff might have a claim under *state* law against the J and J Wrecker Service, no such state law claim has been pleaded herein. Further, even if the complaint were broadly construed to incorporate such a state law claim, the Court should decline to exercise supplemental jurisdiction over any such claim. See, e.g., Allen v. Bartholomew, Civ. Action No. 14-877, 2016 WL 311568 (E.D. La. Jan. 26, 2016) (declining to exercise supplemental jurisdiction over state law claim against towing company after the federal civil rights claims against the state actors were settled); see also 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction...."); Jackson v. Mizzel, 361 Fed. App'x 622, 627 (5th Cir. 2010) ("Because [the plaintiff] states not one valid federal claim, the district court properly declined jurisdiction over his Louisiana causes of action."); Bass v. Parkwood Hospital, 180 F.3d 234, 246 (5th Cir. 1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims."). If plaintiff wishes to pursue a claim against the wrecker service under state law, he should do so in the state courts.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal claims be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

It is **FURTHER RECOMMENDED** that plaintiff's state law claims against the J and J Wrecker Service, if any, be **DISMISSED WITHOUT PREJUDICE** to their being asserted in the state courts.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days

9

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-fifth day of July, 2017.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**